IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CT-3111-FL

| | |
|---|---|
| HAYDEN CALVERT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| LIEUTENANT GARNER; SERGEANT WILSON; CORRECTIONAL OFFICER DUNN, | ) |
| | ) |
| Defendants. | ) |

The matter is before the court on plaintiff's motion to compel discovery (DE # 37), which was fully briefed. For the foregoing reasons, plaintiff's motion is granted in part and denied in part.

**STATEMENT OF THE CASE**

On June 28, 2010, plaintiff filed this action pursuant to 42 U.S.C. § 1983 against defendants Lieutenant Garner ("Garner"), Sergeant Wilson ("Wilson"), and Correctional Officer Dunn ("Dunn") (collectively "defendants"). Plaintiff alleges that defendants acted with deliberate indifference to his serious medical needs in violation of the Eighth Amendment to the United States Constitution.

On February 24, 2011, defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that plaintiff failed to state a claim upon which relief may be granted. The matter was fully briefed. On September 8, 2011, the court entered an order granting defendants' motion as to Dunn, but denying it as to Garner and Wilson.

After ruling on defendants' motion to dismiss, the court issued an initial order, and then case management order, providing for a discovery period to be completed by February 12, 2012. On March 29, 2012, defendants filed a motion for an extension of time to complete discovery. The court granted defendants' motion and provided that discovery is to be completed by October 17, 2012, and that all dispositive motions are to be filed by November 19, 2012. Plaintiff subsequently filed a motion to compel discovery, seeking certain medical records as well as medical bills. The matter was fully briefed.

**DISCUSSION**

Plaintiff seeks a court order compelling defendants to provide him with certain medical records and medical bills from March 14, 2010, through the present, related to a injury he sustained while incarcerated. More particularly, plaintiff alleges that on Sunday March 14, 2010, plaintiff injured his right ankle while playing soccer on the Pamlico Correctional Institution ("Pamlico") recreational yard. Plaintiff was subsequently transported to the medical unit in a wheelchair, where he saw Garner, a nurse. Garner "asked [plaintiff] what happened and could see that [plaintiff's] ankle was swollen, but even so, [] directed [plaintiff] to get out of the wheelchair and put some pressure on the injury." Compl. p. 4. Plaintiff refused to comply because he felt it would cause pain. Garner then "called someone over the telephone, told them he saw nothing wrong with [plaintiff's] ankle, that he felt it was a sprain, and that [plaintiff] just didn't want to put pressure on it."[1] Id. Garner then provided plaintiff with one packet of aspirin and ice, but instructed Pamlico

---

[1] The court notes that Pasquotank policy required that Garner contact Pender Correctional Institution ("Pender") to speak with a licenced nurse when a medical issue arose on weekends. Compl. Attach. p. 7.

staff not to provide plaintiff with crutches, he alleges. Plaintiff states that he then was left with no means of getting around the prison.

The next day, plaintiff alleges that his ankle continued to swell and turned black and blue. Plaintiff asked correctional officer Platt ("Platt") for a wheelchair to transport himself to the medical unit to get his ankle examined. Platt then asked Wilson, a Sergeant at Pamlico, if plaintiff could have a wheelchair and Wilson responded that "[plaintiff] wasn't getting a wheelchair, it isn't a medical emergency, that [he] could walk, and if not, [he] needed to get someone to carry him to medical." Id. p. 6. Two inmates then carried plaintiff to the medical unit. Later, on March 19, 2010, plaintiff was transported to the hospital and diagnosed with a fracture in two places.

Plaintiff then filed this action asserting that Garner and Wilson acted with deliberate indifference to his medical needs, and now seeks certain discovery of or relating to acts and/or omissions alleged. The parameters of discovery as determined in the rules provide:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). It is well-established that "[d]iscovery rules are to be accorded a broad and liberal treatment to effect their purpose of adequately informing the litigants in civil trials." Herbert v. Lando, 441 U.S. 153, 177 (1979); see Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, a litigant may not use discovery requests to annoy, embarrass, oppress, or cause an undue burden or expense to his opposing party. See Fed. R. Civ. P. 26(c)(1). Additionally, the court has "substantial discretion" to grant or deny motions to compel discovery. Lone Star Steakhouse &

Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995); see Erdmann v. Preferred Research Inc. of Ga., 852 F.2d 788, 792 (4th Cir. 1988).

The court begins with plaintiff's request for medical records. In opposition to plaintiff's motion to compel discovery, defendants construe plaintiff's request as one for his complete medical records and medical bills from the date he suffered his injury on March 14, 2010, through the present. Defendants further state that they satisfied plaintiff's discovery requests when they previously provided him with the following: "Medical records relative to the telephone triage provided Plaintiff by Pender Correctional Triage Nurse through Defendant Garner [] attached to Grievance No. 4850-OOPSIA-1002 . . . . Medical records for Plaintiff's 15 March 2010 consultation in [Pender's] medical department . . . attached to the grievance." Def.s' Resp. p. 5. Thus, defendants argue plaintiff's requests are overly broad and irrelevant.

Parsing plaintiff's motion to compel, the court finds that plaintiff's request is limited to the "medical records . . . pertaining to his March 14, 2010 broken foot injury. . . ." Mem. in Supp. of Pl.'s Mot. to Compel p. 7. Plaintiff seeks these records as evidence of his injury and course of treatment for his foot. The court finds that plaintiff's request in this instance is relevant to his alleged Eighth Amendment claim. Accordingly, the court GRANTS plaintiff's motion to compel the production of the requested documents. The court reiterates that the scope of plaintiff's discovery request in this instance is limited to those medical records which pertain to his March 14, 2010, foot injury.

As for plaintiff's request for all medical bills relating to his March 14, 2010, foot injury, plaintiff argues that the medical bills are necessary to establish his injury and course of treatment in this case. This is the same reasoning set forth in support of his request for his medical records.

Plaintiff has not set forth any reason that the medical bills are needed in addition to the medical records. Rather, it appears that plaintiff's medical records are sufficient to establish his alleged injury and course of treatment in this case. Accordingly, plaintiff has failed to show that his medical bills would be relevant to the subject matter involved in the action, and his motion to compel discovery on this issue is DENIED.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to compel (DE # 37) is GRANTED in part and DENIED in part. Plaintiff's motion is GRANTED as to his request for medical records pertaining to his March 14, 2010 broken foot injury, but DENIED as to his request for medical bills. Defendants shall provide the information identified in plaintiff's motion on or before November 7, 2012.

SO ORDERED, this the 17th day of October, 2012.

LOUISE W. FLANAGAN
United States District Judge